

| | **State of New Jersey** | |
|---|---|---|
| Chris Christie<br>*Governor* | Office of the Attorney General<br>Department of Law and Public Safety<br>Division of Law | Christopher S. Porrino<br>*Attorney General* |
| Kim Guadagno<br>*Lt. Governor* | 25 Market Street<br>PO Box 112<br>Trenton, NJ 08625-0112 | Michelle L. Miller<br>*Acting Director* |

November 16, 2016

Honorable Michael A. Shipp, U.S.D.J.
United States District court
for the District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

        Re:  <u>Second Amendment Society v. Porrino</u>
              Civil Action No. 16-4906

Dear Judge Shipp:

    I represent Defendants Christopher S. Porrino and Superintendent Joseph R. Fuentes in the above captioned matter. I am writing to request that the Court schedule an in-person conference in the hopes of resolving this case in an amicable and non-adverserial manner. Defendants also respectfully request that the return date for Plaintiffs' Motion for a Judgment on the Pleadings be adjoured until after such a conference takes place.

    The Supreme Court of the United States recently suggested that stun guns fall under the ambit of the Second



Amendment of the United States Constitution. See Caetano v. Massachussetts, 577 U.S. ___, 136 S. Ct. 1027, 1027-1028 (2016). Thus, Defendants recognize that an outright ban on the possession of stun guns within a state, regardless of the contextual circumstances surrounding any such possession, would likely not pass constitutional muster. Cf. District of Columbia v. Heller, 554 U.S. 570, 629 (2008) (finding that a complete prohibition on the use of handguns was invalid); See N.J.S.A. 2C:39-3(h) ("[a]ny person who knowingly has in his possession any stun gun is guilty of a crime of the fourth degree").

But the Supreme Court has also instructed that the reasonable regulation of weapons is permissible under the Second Amendment. Id. at 626-627 (stating that the right afforded by the Second Amendment is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose" and providing examples of presumptively valid regulations). As such, while Defendants are interested in settling this matter, they also seek to ensure that they can obtain an appriopriate amount of time to issue reasonable regulations related to the possession, use, and sale of stun guns before such a settlement would effectively abrogate the State's current outright stun gun ban. Such a stay will be necessary to prevent the problematic situation where stun guns

would instantaneously go from being completely banned to being completely unregulated.

Those regulations will be promulgated by the Superintendent of the New Jersey State Police under his authority to issue regulations governing both firearms and weapons, as those terms are used under New Jersey's statutes. See N.J.S.A. 2C:39-1, et seq. Such a stay would also be consistent with other recent cases where courts have enjoined state laws for violating the Second Amendment. See e.g. Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012) (staying the court's mandate for 180 days "to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations").

Therefore, Defendants respectfully request an in-person conference with Plaitniffs' counsel and the Court in order to discuss the details of a potential settlement and a stay of the effect of such a settlement for the purposes of issuing reasonable regulations related to stun guns. Defendants also request that the Court adjourn the return date of Plaintiffs' Motion for a Judgment on the Pleadings until after such a conference is held.

Sincerely yours,

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY


By:  S/Matthew J. Lynch_____
     Matthew J. Lynch
     Deputy Attorney General